IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CR-00271-BR

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | <u>ORDER</u> |
| | ) | |
| ALBERT EDGERTON | ) | |
| | ) | |

This matter is before the court on defendant's motion for a sentence reduction under the First Step Act of 2018 ("First Step Act"). (DE # 195.)

In 2009, defendant pled guilty to two counts of possession with intent to distribute five grams or more of cocaine base ("crack cocaine") in violation of 21 U.S.C. § 841(a)(1) and one count of using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). The court sentenced defendant to 169 months imprisonment on each of the drug counts, to run concurrently, and 60 months imprisonment on the firearm count, to be served consecutively, all to be followed by five years of supervised release on each count, to run concurrently. The Fourth Circuit Court of Appeals affirmed this court's judgment.

In 2016, on defendant's motion pursuant to 18 U.S.C. § 3582(c)(2) and based on retroactive amendment of the sentencing guidelines pertaining to crack cocaine offenses, the court reduced defendant's sentences of imprisonment on the drug counts to 146 months, to run concurrently. The court did not alter defendant's sentence of imprisonment on the firearm count or any term of supervised release.

On 30 March 2020, defendant, with the assistance of court-appointed counsel, filed the instant motion. The government filed a response in opposition to the motion. (DE # 197.) The United States Probation Office then filed a memorandum setting forth its assessment of

defendant's eligibility for relief. (DE # 198.)

In his motion, defendant requests that his term of supervised release, which began on 23 April 2019, be reduced to three "years, consistent with the statutory minimum applicable to the offense of conviction for the two drug counts." (DE # 195, at 2 (citing 21 U.S.C. § 841(b)(1)(C)).) The government concedes defendant is eligible for relief. (See Resp., DE # 197, at 7.) However, it urges the court to exercise its discretion to deny defendant relief because a five-year term "of supervised release is authorized pursuant to the defendant's conviction under 18 U.S.C. § 924(c)(1)(A) and appropriate given the defendant's history and characteristics." (Id. at 8.) The court agrees.

"[Section] § 404(b) of the First Step Act expressly allows a court to impose a reduced sentence in order to give retroactive effect to sections 2 and 3 of the Fair Sentencing Act." United States v. Chambers, 956 F.3d 667, 673 (4th Cir. 2020). "A court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if [these] sections . . . were in effect at the time the covered offense was committed." Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018).

To determine whether defendant is eligible for relief under the First Step Act, the court considers whether any of defendant's offenses are "covered offenses." See United States v. Wirsing, 943 F.3d 175, 185 (4th Cir. 2019), amended (Nov. 21, 2019). The First Step Act defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010." Pub. L. No. 115-391, § 404(a), 132 Stat. at 5222. Those sections of the Fair Sentencing Act increased the threshold amounts of crack cocaine to trigger mandatory

2

minimum terms of imprisonment for trafficking crack cocaine and eliminated the five-year mandatory minimum term of imprisonment for simple possession of crack cocaine. See Pub. L. No. 111-220, §§ 2, 3, 124 Stat. 2372 (2010).

In this case, defendant committed the crack cocaine offenses prior to 3 August 2010. At the time defendant committed those offenses, the statutorily authorized term of supervised release was four years to life. 21 U.S.C. §. 841(b)(1)(B) (2006). The Fair Sentencing Act modified this penalty. If the Fair Sentencing Act was in effect at the time defendant committed the crack cocaine offenses, he would be subject to three years to life supervised release. See 21 U.S.C. § 841(b)(1)(C) (2018). Accordingly, his crack cocaine offenses of conviction are "covered offenses" under the First Step Act, and defendant is eligible for relief.

Even so, the court retains significant discretion in determining whether a reduction under the First Step Act is warranted and the extent of any reduction. See Wirsing, 943 F.3d at 180. Informing the court's decision are the relevant 18 U.S.C. § 3553(a) factors and the defendant's post-sentencing conduct. See Chambers, 956 F.3d at 674-75. Here, defendant's post-sentencing conduct weighs in favor of reduction. Defendant did not sustain any disciplinary infractions while incarcerated, and he has complied with his conditions of supervised release for the past year. However, other considerations outweigh this conduct. Defendant's offenses were serious and involved multiple controlled substances, multiple firearms, ammunition, drug paraphernalia, and large amounts of currency. They were committed less than two years after defendant was released from state custody (after his probationary sentence for being a felon in possession of a firearm was revoked). Finally, the First Step Act had no impact on the statutory penalties associated with defendant's firearm conviction under 18 U.S.C. § 924(c). A five-year term of

supervised release is authorized for a violation of that statute. See 18 U.S.C. §§ 924(c)(1)(A), 3559(a), 3583(b)(1). Considering these factors, the court concludes a reduction in defendant's term of supervised release is not warranted.

Defendant's motion for a sentence reduction is DENIED.

This 21 May 2020.

_____
W. Earl Britt
Senior U.S. District Judge